# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1943

_____

| | | |
|---|---|---|
| Patricia Manson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Little Rock Newspapers, Inc., | * | |
| doing business as Arkansas | * | |
| Democrat-Gazette, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 12, 2000
Filed: January 26, 2000

_____

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Plaintiff Patricia Manson sued her former employer, Little Rock Newspapers, Inc., asserting claims for age and sex discrimination under federal law as well as claims for wrongful discharge and for outrage under Arkansas law. The District Court[1] dismissed the claim for outrage under Rule 12(b)(6) of the Federal Rules of Civil

_____

[1]The Honorable H. FRANKLIN WATERS, United States District Judge for the Western District of Arkansas, who presided by designation over this case filed in the Eastern District of Arkansas.

Procedure. Later, the same court granted summary judgment for the defendant on Manson's federal claims and on the remaining state-law claim. Manson appeals from the court's summary-judgment order.[2]

For reversal, Manson argues that summary judgment was inappropriate because there remained genuine issues of material fact on all of her claims. We disagree. Having carefully considered the briefs of the parties and the record on which the District Court granted summary judgment for the defendant, we are satisfied that the grant of summary judgment was proper and must be sustained. Manson has failed to adduce evidence from which a reasonable trier of fact could find that she was discharged on account of her age or sex. In particular, she has not made any showing that the defendant's stated reasons for discharging her were a pretext for unlawful discrimination. As to her wrongful discharge claim, Manson was an at-will employee. As such, she could be discharged without any reason or for any reason at all except one in violation of a well-established public policy. Although Manson has argued that she was discharged for exercising her First Amendment rights to free speech and free association, the facts do not support her arguments. Simply put, the defendant is a private entity, not a governmental entity, and thus is legally incapable of violating anyone's First Amendment rights. Any First Amendment rights germane to this case are those of the defendant and its newspaper, not those of Manson, a reporter employed in service of the newspaper.

The District Court, at the end of its thorough and well-reasoned twenty-five page opinion, summed up the case as follows:

> The evidence in respect to Ms. Manson's actions and conduct is not in substantial dispute. Based on that conduct and those actions, the fact is that the record shows that the employer had ample and abundant

---

[2]Manson has not appealed the dismissal of her state-law claim for outrage.

reasons to believe that Ms. Manson was insubordinate, that she failed and, in fact, refused to follow obviously legitimate rules of her employer, that she attempted to tell her employer how to run its newspaper and what to publish, and that she gave away its property (property that it had paid her to produce), resulting in its use by a competitor in an article that was very critical (to say the least) of its [her employer's] editorial page editor. That will get you "fired" almost anywhere.

We agree.

The order of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.